# BALTIMORE CITY COURT.

Filed January 3, 1919.

## MEDLEY
## VS.
## EMERSON HOTEL COMPANY.

*Shirley Carter* and *Philip M. Golden* for plaintiff.

*Stephen W. Gambrill* and *Garner W. Denmead* for defendant.

DUFFY, J.—

In this case the following prayer was offered by defendant, and granted:

"Defendant's Third Prayer.

"The jury are instructed as a matter of law that in the case at bar no presumption of negligence on the part of the defendant arises from the happening to the plaintiff of the accident in question; the burden of proof is on the plaintiff to prove such negligence by a preponderance of the evidence."

It is claimed that this prayer is erroneous.

This is a case of an alleged injury to the plaintiff while a passenger in defendant's elevator. It has been held that a person in an elevator operated by defendant's agent, is in same class with a passenger on a railroad train, and thus entitled to the exercise of the highest degree of care practicable for his safety by defendant. Bryan vs. Belvedere Hotel Co., 103 Md. 535.

The evidence of the plaintiff tends to prove that she got into the elevator at the mezzanine floor, and that the elevator went down to the first floor, a distance of 13 feet, very rapidly and stopped suddenly with a jerk that threw her down. That the jerk was also sufficient to throw the operator off his balance.

The uncontradicted evidence of the defendant tends to prove that the elevator was in good order and worked properly for the next hour after the accident.

The plaintiff being a passenger, she is entitled to the presumption of negligence which arises in passenger cases on proof by the plaintiff of injury resulting from an unusual jerk or movement of the defendant's car or elevator. Phillips' Case, 129 Md. 332.

The plaintiff on her evidence would have been entitled to a prayer declaring (if the jury believed it) that she had made out a prima facie case of negligence on the part of the defendant, throwing upon it the burden of rebutting the presumption. See plaintiff's second prayer, modified by the court in Mahon's Case, 63 Md. 143, and second prayer of plaintiff's in Swann's Case, 81 Md. 409. Worthington's Case, 21 Md. 282. It was, therefore, erroneous to instruct the jury at the instance of the defendant that "no presumption of negligence on the part of the defendant arises from the happening to the plaintiff of the accident in question."

The last part of defendant's prayer in this case, to wit: "The burden of proof is on the plaintiff to prove such negligence by a preponderance of evidence," would be unobjectionable in a prayer otherwise sound, because the burden of proof is primarily on the

plaintiff in passenger cases. It has been said: "Although the burden of proof is on the plaintiff to show that the injury was occasioned by the negligence of the defendant, yet he discharges this burden and makes out a prima facie case by showing that the accident happened through the failure of some of the means used by the carrier in making the transit." Mahon's Case, 63 Md. 144; 34 D. C. App. 367, Sullivan's Case.

This prayer is taken verbatim from the Sullivan Case (34 D. C. 363). In this case the prayer was offered by the defendant and granted. The Appellate Court held the prayer to be correct, but explains that the circumstances of the case were such that no presumption of negligence arose from proof of injury to the passenger, because by riding on the platform he increased the risk of accident, and thereby assumed the consequences of such increased risk. (See pp. 373 and 374.)

Motion for new trial granted.